

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CCC:MKC
F. #2020R01117

*610 Federal Plaza*
*Central Islip, New York 11722*

January 17, 2021

<u>By Hand and ECF</u>

Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Lorenzo Arana,
      <u>Criminal Docket No. 21-019 (GRB)</u>

Dear Judge Pollak:

  The defendant Lorenzo Arana is scheduled to be arraigned on the above-captioned indictment charging him with: (1) distribution of child pornography; (2) possession of child pornography; (3) transferring obscene material to a minor; and (4) cyberstalking, in violation of Title 18, United States Code, Sections 2252(a)(2), 2252(a)(4)(B), 1470 and 2261A(2)(B), respectively.  Because the defendant is charged with an offense involving a minor victim under Title 18, United States, Code Section 2252(a)(2), detention is presumptively appropriate.  <u>See</u> 18 U.S.C. § 3142(e)(3)(E).  Consistent with that presumption, and because the defendant—who maliciously distributed pornographic images of a 12-year old minor resulting in her attempted suicide—is a danger to the community and a flight risk, the government respectfully requests that the Court enter a permanent order of detention in this case.

I.  <u>Legal Standard</u>

  The Bail Reform Act of 1984, codified at 18 U.S.C. §§ 3141-3156, provides that, in general, a court "shall order" a defendant's pretrial release unless the court determines that the defendant presents an unreasonable risk of flight or "will endanger the safety of any other person or the community."  18 U.S.C. § 3142(b).  If the Court finds, by a preponderance of the evidence, that the defendant presents a flight risk and that no conditions will reasonably assure the defendant's continued presence, the Court must order detention.  <u>United States v. Chimurenga</u>, 760 F.2d 400, 405 (2d Cir. 1985).  Similarly, a defendant must

be detained if the Court finds that release on bail would pose a danger to the community, 18 U.S.C. § 3142(e), though detention based on dangerousness must "be supported by clear and convincing evidence," 18 U.S.C. § 3142(f).

Whether detention is sought on the basis of flight or dangerousness, the Bail Reform Act lists four factors to be considered in the detention analysis: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Furthermore, where, as here, the defendant is charged with the distribution of child pornography, a rebuttable presumption of both flight and dangerousness applies. 18 U.S.C. §§ 3142(e)(3)(E). The presumption requires the Court to initially assume that "no condition or combination of conditions will reasonably assure the appearance of the person as required and safety of the community." Title 18, U.S.C. §§ 3142(e)(3)(A) and (B).[1]

II.   Analysis[2]

This defendant cannot overcome the legal presumption in favor of detention. Indeed, as discussed below, even absent that presumption, the applicable § 3142 factors overwhelmingly warrant detention in this case.

First and foremost, the gravity of the charges cannot be overstated. In addition to distributing and possessing child pornography, this 19-year-old defendant is charged with cyberstalking a 12-year-old minor ("Jane Doe #2") by intentionally distributing pornographic images of her on social media, including to at least one 12-year-old classmate ("Jane Doe #1"). The evidence makes clear the defendant maliciously distributed these images in order to humiliate and harass Jane Doe #2. In a public posting to his social media, the defendant openly acknowledged distributing nude images of a girl—readily identifiable as Jane Doe #2 based on the details the defendant provided in his posting—to her school in order to "expose" her for allegedly cheating on him.

---

[1] The burden to rebut this presumption is upon the person that is subject to the presumption. 18 U.S.C. § 3142(e)(3).

[2] Detailed herein is a proffer of the relevant facts and a discussion of the applicable law pertaining to the pretrial detention of the defendants. See United States v. LaFontaine, 210 F.3d 125, 130-31 (2d Cir. 2000) (government entitled to proceed by proffer in detention hearings). This proffer of facts is not a complete statement of all facts and evidence of which the government is aware or that it will seek to introduce at a detention hearing or trial. Where the content of statements, documents, or written communications are described herein, they are done so in pertinent part and in sum and substance, except where quoted or otherwise indicated.

But the defendant did not stop there—he also actively encouraged Jane Doe #2, a 12-year-old, to commit suicide and embraced the possibility that she would do so. A text on Jane Doe #2's phone shows the defendant stating "kill ur fucking self" and, when Jane Doe #1 cautioned that Jane Doe #2 was legitimately contemplating suicide, the defendant simply responded "I don't care[3]. . . she deserves it." Thereafter, upon learning that the defendant had sent pornographic images of her to her friends, including classmates, Jane Doe #2 did, in fact, attempt suicide. She was found semi-conscious in her room after taking numerous sleeping pills. On her bed, law enforcement found a firearm and a suicide note, where the young girl apologized for the "bad things" she has done. She later explained, in sum, that she attempted suicide after learning of the distribution because she did not want to be around to "deal with all that."

Even more troubling, the government is actively investigating allegations that the defendant has engaged in similar conduct with respect to numerous other minors, including at least one 11-year old victim. In the past year, multiple callers have reported the defendant, typically identified through his alias, "Lorenzo Blake" to a tipline aimed at reporting child exploitation. One caller, who wished to remain anonymous, reported that he/she was 15-years old and the defendant was constantly messaging her to request explicit images of her. Another caller reported that the defendant had publicly shared images of the breasts of a girl believed to be a 16-year old minor. Yet another caller reported in May 2020 that they had made contact with the defendant's father to report that the defendant was masturbating over Facetime with minors and encouraging minors who did not respond to him to kill themselves. The foregoing is but a sampling of the allegations against the defendant and make clear that the charged conduct is not an anomaly.

Likewise, the defendant's criminal history shows the charges at issue do not represent an isolated incident. The defendant is currently facing New York state charges of aggravated harassment in the second degree and stalking in the fourth degree. Moreover, he was arrested on those charges on August 21, 2020 and engaged in the charged conduct within a month of that arrest, demonstrating that he is undeterred by the threat of pending charges and incapable of complying with the terms of conditional release. A tendency towards recidivism is also apparent in the fact that the defendant was recently sentenced to 90-days's incarceration on a violation of probation. In addition, based on conversations with the Nassau County District Attorney's Office, the government understands that the violation arose from the defendant's efforts to contact a victim involved in a prior criminal case against him. This raises additional concerns that the defendant might seek to communicate with victims in this case to threaten them or otherwise impede the investigation.

As to the strength of the government's case, evidence obtained pursuant to a search warrant on the defendant's phone revealed pornographic images of Jane Doe #2 and a screen recording where the defendant captured images showing he had sent at least seventeen messages distributing pornographic images of Jane Doe #2. The defendant also openly

---

[3] In the message, "I don't care" was abbreviated and represented by the letters "idc."

acknowledged his distribution in social media postings. The strength of the government's case, particularly when considered alongside the defendant's mandatory 5-year sentencing exposure, increases his likelihood of fleeing or failing to return to court and further supports detention. See United States v. Dodge, 846 F. Supp. 181, 184-85 (D. Conn. 1994) (possibility of a "severe sentence" heightens the risk of flight). Moreover, when law enforcement attempted to detain the defendant on January 14, 2021, they learned he had not returned home for at least three days following police contact that seemingly frightened him. The foregoing provides ample bases to conclude that this defendant is at risk of non-appearance.

V.      Conclusion

With just a few swipes on his cellphone, this defendant nearly caused the death of a 12-year old minor. The evidence demonstrates he specifically targets minor victims and openly encourages them to engage in self-harm, and his history shows that he is undeterred by conditional release. On this record, there is no condition or set of conditions that could reasonably assure the safety of the community or the defendant's return to court. Because the defendant poses a significant danger to the community and a substantial risk of flight, the government respectfully requests that he be permanently detained pending trial.

Respectfully submitted,

SETH D. DUCHARME
Acting United States Attorney

By:     /s/ Monica K. Castro
        Monica K. Castro
        Christopher C. Caffarone
        Mark E. Misorek
        Assistant U.S. Attorneys
        (631) 715-7894/7868

cc:     Clerk of the Court (CLP) (by email and ECF)
        Counsel for the Defendant (by email and ECF)

4