

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AXB
F. #2020R01117

*610 Federal Plaza*
*Central Islip, New York 11722*

April 15, 2021

By FedEx and ECF

Evan Sugar, Esq.
Randi Chavis, Esq.
Federal Defenders of New York, Inc.
770 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Lorenzo Arana
              Criminal Docket No. 21-19 (GRB)

Dear Mr. Sugar and Ms. Chavis:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. Enclosed herein is a disk containing documents and other items identified by the Bates numbers indicated below. Also enclosed is an index of the discovery, which is not being filed electronically. The enclosed disk has been encrypted and password protected. The password has been provided to counsel by email. The government also requests reciprocal discovery from the defendant.

I.    The Government's Discovery

     A.    Statements of the Defendant

      Items containing statements of the defendant are Bates-numbered LA_006449; VDM_000285 through VDM_006252; and VDM_007010 through VDM_007044.[1]

     B.    The Defendant's Criminal History

      Copies of the defendant's criminal history records are Bates-numbered LA_006382 through LA_006385 and LA_006401.

---

    [1] Documents identified by reference to labels bearing the prefix "VDM" constitute Victim Discovery Material and are subject the Stipulation & Order governing the treatment

C.   Documents and Tangible Objects

Documents and objects within the scope of Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure are Bates-numbered LA_000001 through LA_006381; LA_006386 through LA_006400; LA_006402 through LA_006448; VDM_000001 through VDM_000284; VDM_006253 through VDM_007009; and VDM_007045.  The government will continue to provide any additional documents and objects within the scope of Rule 16(a)(1)(E) as they become available.

The government is also in possession of additional images and data (a) extracted from electronic devices seized from the defendant, and (b) obtained pursuant to judicially authorized search warrants, which have not been produced pursuant to 18 U.S.C. § 3509.  You may examine this evidence, as well as any original copies of the documents identified above, by calling me to arrange a mutually convenient time.

D.   Reports of Examinations and Tests

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

E.   Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

F.   Brady Material

The government is not aware of any exculpatory material regarding the defendant.  The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.  Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials.  See Giglio v. United States, 405 U.S. 150 (1972).

G.   Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

---

of such material, which was entered on April 2, 2021 by United States District Judge Gary R. Brown.  See ECF No. 14-1.

II.     The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.    Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his period of incarceration at a BOP facility (collectively, "BOP email communications"). While it is the government's position that BOP email communications, including those between the defendant and his attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by May 1, 2021. To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorney with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

3

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

                                                      Very truly yours,

                                                      MARK J. LESKO
                                                      Acting United States Attorney

By:    /s/ Anthony Bagnuola
        Anthony Bagnuola
        Assistant U.S. Attorney
        (631) 715-7849

Enclosures

cc:     Clerk of the Court (GRB) (by ECF) (without enclosures)